FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 APR -5  PM 2: 52

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANIEL S. SINCLAIR, JR.** | * | CIVIL ACTION 07 - 1560 |
| **Plaintiff** | * | |
| | * | NO. |
| **VERSUS** | * | SECT. B MAG 3 |
| | * | |
| **LEASE FINANCE GROUP, LLC a/k/a** | * | |
| **CIT LEASE FINANCIAL GROUP,** | * | SECTION " " |
| **NATIONAL ASSOCIATION OF** | * | |
| **CREDIT MANAGEMENT (WESTERN** | * | |
| **MICHIGAN) INC., PHILLIPS & COHEN** | * | |
| **ASSOCIATES, LTD., EXPERIAN** | * | MAG. DIV. (   ) |
| **INFORMATION SOLUTIONS,** | * | |
| **INC., TRANSUNION, LLC, and** | * | |
| **EQUIFAX CREDIT INFORMATION** | * | |
| **SERVICES, INC.** | * | |
| **Defendants** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW INTO COURT,** through undersigned counsel, comes Daniel S. Sinclair, Jr., Plaintiff

in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable

Court against Defendants, as set forth in the following Complaint, as follows:

## PLAINTIFF

1.

Plaintiff, Daniel S. Sinclair, Jr., is a natural person and resident of and domiciled in the State

Fee $350
Process
X  Dkt
CtRmDep
Doc. No.

of Louisiana, Parish of St. Tammany. Plaintiff is a "consumer" as defined by 15 U.S.C. 1681a(c) of the Fair Credit Reporting Act (hereinafter "FCRA").

## DEFENDANTS

2.

Made Defendants are:

CIT LEASE FINANCIAL GROUP a/k/a LEASE FINANCE GROUP, LLC, a foreign corporation with its Worldwide Headquarters, CIT Group Inc., located at 505 Fifth Avenue, New York, NY 10017 and its Corporate Headquarters located at 1 CIT Drive, Livingston NJ 07039.

NATIONAL ASSOCIATION OF CREDIT MANAGEMENT (WESTERN MICHIGAN) INC., (hereinafter "NACM"), a Michigan corporation doing business at 3959 Clay Avenue, S.W., Wyoming, Michigan 49548;

PHILLIPS & COHEN, ASSOCIATES, LTD., a law firm who is doing business at 695 Rancocas Road, Westhampton, New Jersey 08060;

EXPERIAN (a Consumer Reporting Agency) a.k.a Experian Information Solutions, Inc., an Ohio corporation. Experian is a subsidiary of GUS, plc., a UK-based holding company; Experian's corporate headquarters are located at 475 Anton Blvd., Costa Mesa, CA 92626 and Nottingham, UK; and

TRANSUNION, LLC (a Consumer Reporting Agency) a Delaware corporation whose principal office is located at 2 Baldwin Place, Chester PA 19022.

EQUIFAX CREDIT INFORMATION SERVICES, INC., (a Consumer Reporting Agency) a Georgia corporation whose principal office is located at P.O. Box 9554 Allen, TX 75013.

## JURISDICTION

3.

This Honorable Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681, *et seq.* Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.

Venue is proper pursuant to 28 United States Code § 1391.

## BACKGROUND

5.

On or about late 1998 or on or about early 1999, Plaintiff, Daniel S. Sinclair, Jr. (hereinafter "Mr. Sinclair") entered into two (2) Commercial Equipment Leases with Defendant Lease Finance Group, LLC (hereinafter "LFG") as a personal guarantor for credit card processing equipment for his business, Louisiana Grill.

6.

On or about October of 2000, after Mr. Sinclair learned that the accounts were placed with a collection agency, he and his attorney, Samuel Taggard, immediately telephoned and mailed correspondence to LFG and Defendant Phillips & Cohen Associates ("Phillips") to make payment arrangements regarding these accounts.

7.

At that time, Mr. Sinclair and Mr. Taggard spoke with Ashley Grace of Phillips who stated that all leases with LFG would be settled in full for $2,000. Mr. Sinclair and Mr. Taggard sent the check for $2,000, dated November 15, 2000, to Phillips. Ms. Grace also stated that Mr. Sinclair's

credit would be restored to "favorable" regarding LFG accounts. *See* letter to Phillips representative, Ashley Grace, with attached copy of check number 4130 for $2,000, attached hereto as Exhibit "1".

8.

Despite the settlement of these accounts, LFG forwarded FOUR accounts to another collection agency, Defendant National Association of Credit Management (Western Michigan), Inc. (hereinafter "National"). Mr. Sinclair NEVER had four accounts with LFG, he only had two.

9.

At the same time, Phillips and Cohen continued to collect on the settled accounts.

10.

Phillips either failed to notify LFG of the payments received or LFG ignored any correspondence from Phillips regarding the settlement in full of the accounts. Although Mr. Sinclair also repeatedly contacted Phillips and LFG and informed them that the accounts were settled, both LFG and Phillips continued to pursue collection of these accounts.

11.

Based on information and belief, LFG forwarded four accounts to Defendant National Association of Credit Management (Western Michigan), Inc. (hereinafter "National") and, in addition, forwarded four accounts to Defendant Phillips & Cohen Associates.

12.

Although Mr. Sinclair had previously settled these accounts, in an effort to stop collection calls and collection correspondence, Mr. Sinclair AGAIN paid on the account with a check by phone, check number 1399, for $1,000 on June 28, 2002 to National after National contacted Mr. Sinclair regarding the accounts. In exchange for the payments, a representative from National agreed to

-4-

update Mr. Sinclair's credit report regarding these accounts and status the accounts as settled in full. *See* letter from National, dated June 28, 2002, attached hereto as Exhibit "2".

13..

National failed to update Mr. Sinclair's credit report. In addition, National failed to advise LFG of the payments made by Mr. Sinclair.

14.

Despite these payments, Mr. Sinclair discovered that the accounts were still being reported as unfavorable. Mr. Sinclair immediately contacted LFG and was told to contact Phillips again. In August 2002, Mr. Sinclair personally spoke with Phillips' co-chairman and CEO, Matthew M. Phillips, regarding the accounts placed with them by LFG. Mr. Phillips assured Mr. Sinclair that all accounts were settled in full and that his credit report would be updated to reflect as such. Mr. Phillips mailed and faxed Exhibits "3" and "4" stating same. *See* attached Exhibit "3" and "4".

15.

Later in 2004, Mr. Sinclair again learned that his score was derogatory and again contacted LFG and again was instructed to contact Phillips. Phillips again assured Mr. Sinclair that the accounts were satisfied.

16.

Despite the payments to Phillips, and its letters to Mr. Sinclair stating that the accounts were satisfied, Phillips failed to notify LFG or the credit reporting agencies of the updated status of the accounts.

17.

On or about September 1, 2004, Mr. Sinclair, via certified mail, notified Defendant credit

-5-

reporting agencies of the disputed entries on his credit report; however, Mr. Sinclair's account was not updated. *See* attached correspondence, Exhibit "5" and "6".

18.

On or about October 25, 2004, Mr. Sinclair again contacted Mr. Phillips at Phillips regarding the incorrect entries on Mr. Sinclair's credit report.  Mr. Phillips again sent documentation stating that the accounts were satisfied. *See* attached Exhibits "7", "8" and "9" dated October 25, 2004.

19.

On or about February 8, 2007, Mr. Sinclair again checked his credit report and again his report was reflected as derogatory and unfavorable. In addition, LFG  listed several other accounts on his report that did not belong to Mr. Sinclair. On that same day, Mr. Sinclair contacted LFG and AGAIN advised them that  he settled the accounts in full; however, the representative, Madeline Tabor, was extremely rude and hung-up on Mr. Sinclair. Mr. Sinclair then spoke with a supervisor at Phillips who stated that it was in Mr. Sinclair's best interest to sue Phillips.

20.

On or about February 8, 2007, Mr. Sinclair filed a complaint with the Better Business Bureau ("BBB"). *See* BBB Complaint, attached hereto as Exhibit "10."

21.

On or about February 16, 2007, LFG responded to the BBB complaint with inaccurate information regarding his accounts.

22.

LFG continues to report inaccurate, derogatory and improper information to third  persons including but not limited to credit reporting agencies.

-6-

23.

Defendants continue to report  inaccurate, derogatory, improper and obsolete information, even though the statutory period for reporting and/or displaying information to credit reporting agencies and on credit reports has prescribed.

## COUNT ONE - NEGLIGENCE

24.

Defendants owed duties of reasonable care to Plaintiff.

25.

Defendants failed to exercise reasonable care and prudence in the reporting of the disputed information, the subsequent reporting and re-reporting, and the handling and reinvestigation of data about Plaintiff, all made the subject of this lawsuit. This negligence caused damage to Plaintiff.

26.

Plaintiff's credit history was and is damaged by having false reports of unsatisfied debt on his credit report.  As a result, Plaintiff has paid an average 3% higher interest rate on a minimum of ten loans and was further denied credit by other lenders.

## COUNT TWO - DEFAMATION

27.

Defendants recklessly, maliciously and/or intentionally, published and disseminated inaccurate, derogatory and improper information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

28.

Defendants' publishing of such inaccurate, derogatory and improper information has severely

damaged the personal and consumer reputation of Plaintiff and caused sever humiliation, emotional distress and mental anguish to Plaintiff.

29.

Defendants were notified of inaccuracies by Plaintiff; however, Defendants continued to issue and/or publish report(s) to third parties which contained inaccurate, derogatory and improper information about Plaintiff.

30.

Alternatively, Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

**COUNT THREE - FAIR CREDIT REPORTING ACT**

31.

Defendants have violated the Fair Credit Reporting Act, 15 U.S.C.A. §§ 1681-1681u.

32.

Defendants have violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to conduct a reasonable reinvestigation of Plaintiff's disputes and failing to reasonably and truthfully respond to reinvestigation requests and by further supplying inaccurate, derogatory and improper information.

33.

Defendant credit reporting agencies have violated Section 1681e by not adopting reasonable procedures for meeting the needs of commerce for consumer credit, in a manner which is fair and equitable to the consumer, with regard to the proper utilization of such information in accordance with the requirements of the Fair Credit Reporting Act.

-8-

34.

In addition, the actions of the Defendants constitute unfair and deceptive trade practices by continuing to collect on debts that were previously satisfied.

35.

Defendants failed to conduct a reasonable reinvestigation, and failed to acknowledge the disputes and/or repeatedly reported the inaccurate, derogatory and improper information to the consumer reporting agencies in violation of the FCRA.

36.

Defendants continue to report inaccurate, derogatory, improper, and obsolete information about Plaintiff.

36.

Defendants have violated the FCRA by reporting their claims to credit reporting agencies, or by reporting their claims and failing or refusing to note said claims as being satisfied, or by refusing to remove their disputed claims from credit reporting agencies.

37.

Defendants willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C.A. § 1681e(b);

b. reporting obsolete information, as defined by the FCRA;

c. failing to correct inaccurate or incomplete information;

d. failing to comply with the requirement relating to reinsertion of disputed credit

information into the consumer's file;

 e. failing to conduct mandatory investigations;

 f. failing to comply with the reinvestigation requirement in 15 U.S.C.A. § 1681i(a); and

 g. failing to comply with the removal of obsolete information requirement pursuant to 15

U.S.C.A. § 1681c.

38.

 As a result of Defendants' violations of the FCRA, Plaintiff was caused to suffer denial

and/or higher interest rates for credit, lost opportunity to receive credit, damage to his reputation,

embarrassment, frustration and humiliation.

39.

 Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

40.

 Plaintiff is entitled to attorneys fees, pursuant to 15 U.S.C.A. § 1681n(a).

41.

 Defendants failed to comply with the requirements imposed by the FCRA as required by

15 U.S.C.A. § 1681e(b).

42.

 Defendants have failed to comply with 15 U.S.C.A. § 1681s-2(b) as "furnishers" as provided

by the FCRA.

43.

 Defendants have violated other sections of the FCRA as the Court may deem proper.

-10-

44.

Defendants disregarded or otherwise failed to meet their obligations to oversee compliance with the FCRA.

45.

Defendants failed or omitted to ascertain the exact amounts due and owing by Plaintiff in violation of the FCRA.

46.

Defendants intentionally or negligently allowed the continued and indefinite circulation, including sale and/or resale and assignments, of Plaintiff's alleged delinquent accounts resulting in Plaintiff paying on either previously settled accounts or accounts that never existed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Daniel Sinclair, respectfully prays that after due proceedings are had and on the premises considered that there be judgment rendered in his favor and against Lease Finance Group, LLC a/k/a CIT Lease Financial Group, National Association of Credit Management (Western Michigan) Inc., Phillips & Cohen Associates, LTD, Experian Information Solutions, Inc., Transunion, LLC, and Equifax Credit Information Services, Inc.  for the following:

47.

On Plaintiff's First Claim for Relief for Negligence:

    a. General damages;

    b. Special damages;

    c. Property and related damages;

    d. Coss of suit herein incurred;

-11-

e. Pre-judgment interest;

f. Litigation costs, including attorneys' fees, expert and consultant fees, and costs of suit; and

g. For such other and further relief as the court may deem proper.

48.

On Plaintiff's Second Claim for Relief for Defamation:

a. General damages;

b. Special damages;

c. Property and related damages;

d. Coss of suit herein incurred;

e. Pre-judgment interest;

f. Litigation costs, including attorneys' fees, expert and consultant fees, and costs of suit; and

g. For such other and further relief as the court may deem proper.

49.

On Plaintiff's Third Claim for Relief for wilful and negligent violations of the FCRA:

a. Actual damages in an amount to be determined by the jury;

b. Statutory damages pursuant to the FCRA;

c. Punitive damages in an amount to be determined by the jury;

d. Reasonable attorneys' fees and costs; and

e. And all other general and equitable relief.

50.

Plaintiff respectfully requests a Trial by Jury.

Respectfully submitted,

**RANDALL A. SMITH, T.A. (#2117)**
**MICHAEL W. HILL (#25415)**
**ARIEL K. DIGIULIO (#29835)**
Of
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana  70170
Telephone:  (504) 525-2200

**Counsel for Plaintiff, Daniel S. Sinclair, Jr.**

**PLEASE ISSUE SUMMONS TO THE FOLLOWING DEFENDANTS:**

CIT LEASE FINANCIAL GROUP a/k/a  LEASE FINANCE GROUP, LLC
233 N. Michigan Ave., Suite 1800
Chicago, IL 60601-5802;


NATIONAL ASSOCIATION OF CREDIT MANAGEMENT
(WESTERN MICHIGAN) INC.
3959 Clay Avenue, S.W.
Wyoming, Michigan 49548;

PHILLIPS & COHEN, ASSOCIATES, LTD
 695 Rancocas Road
Westhampton, New Jersey 08060;

EXPERIAN
475 Anton Blvd.
Costa Mesa, CA 92626; and

TRANSUNION, LLC
 2 Baldwin Place
Chester PA 19022.

EQUIFAX CREDIT INFORMATION SERVICES, INC
 P.O. Box 9554
Allen, TX 75013