# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL S. SINCLAIR, JR.** | **CIVIL ACTION NO. 2:07CV1560** |
| Versus | |
| **LEASE FINANCE GROUP, LLC aka CIT LEASE FINANCIAL GROUP, NATIONAL ASSOCIATION OF CREDIT MANAGEMENT (WESTERN MICHIGAN), INC., PHILLIPS & COHEN ASSOCIATES, LTD., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, and EQUIFAX CREDIT INFORMATION SERVICES, INC.** | **SECTION B**<br><br>**MAGISTRATE 3** |

## ANSWER

CIT Financial USA, Inc. (CIT), successor-in-interest to Lease Finance Group, LLC, (LFG) answers plaintiff's complaint by denying each and every allegation contained therein except those which hereinafter may be specifically admitted. CIT further states as follows:

## FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (FCRA) is inapplicable to CIT. In the event that the FRCA applies to CIT, its actions were in compliance with the statute's requirements.

## THIRD DEFENSE

To the extent that the FCRA governs the plaintiff's claims and applies to the allegations against CIT, the plaintiff's negligence, defamation and any other state law claims are preempted by the FCRA.

## FOURTH DEFENSE

CIT has acted in good faith and without malice or intent to injure the plaintiff.

## FIFTH DEFENSE

The plaintiff's claims are in whole or in part time barred.

## SIXTH DEFENSE

The plaintiff's claims are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## SEVENTH DEFENSE

The plaintiff's damages, if any, were caused by his own acts or omissions or the acts or omissions of third parties over whom CIT exercises no control or responsibility.

## EIGHTH DEFENSE

The plaintiff seeks the imposition of punitive damages. CIT adopts by reference the defenses, criteria, limitations, standards and constitutional protections described in *BMW v. Gore,* 517 U.S. 559 (1996), *Cooper Indus. v. Leatherman Tool Group,* 532 U.S. 923 (2001) and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## NINTH DEFENSE

CIT reserves the right to add additional affirmative defenses as warranted by discovery and the factual developments in this case.

**And now, answering the specific allegations of plaintiff's complaint, CIT avers as follows:**

1.

The allegations of paragraph 1 require no response of CIT.  To the extent that an answer is required, the allegations are denied for lack of sufficient information.

2.

Except to admit that CIT is a foreign corporation and to deny that the address is correct, the allegations of paragraph 2 are denied for lack of sufficient information.

3.

The allegations of paragraph 3 do not require a response.

4.

The allegations of paragraph 4 do not require a response.

5.

CIT admits that the plaintiff entered into several commercial equipment leases with Lease Finance Group, LLC and that he was a personal guarantor on the leases which involved the lease of credit card processing equipment.  More than two leases were entered into, however, and the terms and conditions of all of the leases are pleaded herein as if copied in their entirety.  The remaining allegations of paragraph 5 are denied for lack of sufficient information.

6.

The allegations of paragraph 6 are denied for lack of sufficient information.

7.

The allegations of paragraph 7 are denied for lack of sufficient information.

8.

CIT denies that the plaintiff had only two accounts with LFG. The remaining allegations of paragraph 8 are denied for lack of sufficient information.

9.

The allegations of paragraph 9 are denied for lack of sufficient information.

10.

The allegations of paragraph 10 are denied for lack of sufficient information.

11.

The allegations of paragraph 11 are denied for lack of sufficient information.

12.

The allegations of paragraph 12 are denied for lack of sufficient information.

13.

The allegations of paragraph 13 are denied for lack of sufficient information.

14.

The allegations of paragraph 14 are denied for lack of sufficient information.

15.

The allegations of paragraph 15 are denied for lack of sufficient information.

16.

The allegations of paragraph 16 are denied for lack of sufficient information.

17.

The allegations of paragraph 17 are denied for lack of sufficient information.

18.

The allegations of paragraph 18 are denied for lack of sufficient information.

19.

The allegations of paragraph 19 are denied for lack of sufficient information.

20.

The allegations of paragraph 20 are denied for lack of sufficient information.

21.

The allegations of paragraph 21 are denied.

22.

The allegations of paragraph 22 are denied.

23.

The allegations of paragraph 23 are denied.

## **COUNT ONE – NEGLIGENCE**

24.

Because the allegations of paragraph 24 call for a legal conclusion, no answer is required. If an answer is required, the allegations are denied. Moreover, to the extent that CIT is governed by the FCRA in this matter, the statute preempts any negligence claims.

25.

The allegations of paragraph 25 are denied.

26.

The allegations of paragraph 26 are denied.

## **COUNT TWO - DEFAMATION**

27.

The allegations of paragraph 27 are denied. Moreover, to the extent that CIT is governed by the FCRA in this matter, the statute preempts any defamation claims.

28.

The allegations of paragraph 28 are denied.

29.

The allegations of paragraph 29 are denied.

30.

The allegations of paragraph 30 are denied.

## **COUNT THREE – FAIR CREDIT REPORTING ACT**

31.

The allegations of paragraph 31 are denied.

32.

The allegations of paragraph 32 are denied.

33.

The allegations of paragraph 33 are not directed to CIT and, therefore, require no response. To the extent that a response is required, the allegations are denied.

34.

The allegations of paragraph 34 are denied.

35.

The allegations of paragraph 35 are denied.

36.

The allegations of paragraph 36 are denied.

36. (sic)

The allegations of paragraph 36 (sic) are denied.

37.

The allegations of paragraph 37 are denied.

38.

The allegations of paragraph 38 are denied.

39.

The allegations of paragraph 39 are denied.

40.

The allegations of paragraph 40 are denied.

41.

The allegations of paragraph 41 are denied.

42.

The allegations of paragraph 42 are denied.

43.

The allegations of paragraph 43 are denied.

44.

The allegations of paragraph 44 are denied.

45.

The allegations of paragraph 45 are denied.

46.

The allegations of paragraph 46 are denied.

47.

CIT denies the allegations contained in the paragraph beginning with "Wherefore." Further answering, CIT denies the allegations of paragraph 47.

280272.1

7

48.

The allegations of paragraph 48 are denied.

49.

The allegations of paragraph 49 are denied.

50.

Paragraph 50 requires no response of CIT.

Wherefore, CIT Financial USA, Inc., successor-in-interest to Lease Finance Group, LLC, prays that its answer be deemed good and sufficient and that, after due proceedings, there be judgment in its favor, dismissing the plaintiff's claims with prejudice, and for all other general and equitable relief as the Court may deem necessary and proper.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

*s/Christine Lipsey*
Christine Lipsey (LA Bar Roll # 1182), T.A.
E. Stewart Spielman, (LA Bar Roll #28766)
**MCGLINCHEY STAFFORD, PLLC**
One American Place, 14th Floor
Baton Rouge, LA  70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076
clipsey@mcglinchey.com
sspielman@mcglinchey.com

**Attorneys for CIT Financial USA, Inc.**

## **CERTIFICATE OF SERVICE**

I certify that on October 26, 2007, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no non-CM/ECF participants.

*/s Christine Lipsey*
Christine Lipsey

280272.1