# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL S. SINCLAIR, JR.** | **CIVIL ACTION** |
| **V.** | |
| **LEASE FINANCE GROUP, LLC A/K/A CIT LEASE FINANCIAL GROUP, NATIONAL ASSOCIATION OF CREDIT MANAGEMENT (WESTERN MICHIGAN) INC., PHILLIPS & COHEN ASSOCIATES, LTD., EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION, LLC, AND EQUIFAX CREDIT INFORMATION SERVICES, INC.** | **NO. 07-1560**<br><br>**SECTION B, JUDGE LEMELLE**<br><br><br>**DIVISION 3, MAG. JUDGE KNOWLES** |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant, **Phillips & Cohen Associates, LTD ("Phillips"),** submits the following memorandum in support of its motion for summary judgment.

## I.   FACTS

Plaintiff, Daniel Sinclair Jr., filed suit in the United States District Court for the Eastern District of Louisiana against the following defendants: CIT Lease Financial Group, a/k/a Lease Financial Group, LLC ("Lease Financial"); National Association of Credit Management

(Western Michigan), Inc. ("National Association"); Phillips and Cohen Associates, Ltd. ("Phillips"); Experian, a/k/a Experian Information Solutions, Inc. ("Experian"); Transunion, LLC; and Equifax Credit Information Services, Inc. ("Equifax"). (Doc. 1).

In late 1998 or early 1999, plaintiff allegedly entered into two commercial equipment leases with Lease Financial as a personal guarantor for credit card equipment for his business, Louisiana Grill. In October of 2000, plaintiff allegedly learned that his accounts had been assigned to a collection agency. Upon learning this information, the plaintiff allegedly called and wrote Lease Financial and Phillips to make payment arrangements for these past due accounts. An employee at Phillips, allegedly informed the plaintiff that a Lease Financial Lease could be settled for $2,000. On or about November 15, 2000, the plaintiff allegedly paid $2,000 to Phillips. (Doc. 1).

In August of 2002, an employee of Phillips allegedly represented to the plaintiff that all accounts were settled. (Doc. 1).

In 2004, the plaintiff allegedly received another derogatory report concerning his accounts. Phillips allegedly represented to the plaintiff that all his accounts had been satisfied. (Doc. 1).

On or about September 1, 2004, plaintiff notified all defendants of the disputed entries still reflected on his credit report. On or about October 26, 2004, Phillips allegedly advised plaintiff that account numbers 198723, 198738, 198540 had been satisfied. (Doc. 1).

On or about February 8, 2007, the plaintiff once again received an unfavorable credit report and also noticed that accounts were reflected on his credit report that were not his. (Doc. 1).

Plaintiff has asserted claims of negligence and defamation pursuant to Louisiana State Law. Plaintiff has also asserted claims pursuant to the Fair Credit Reporting Act, 15 USCS § 1681, *et seq*. Plaintiff is seeking general damages, special damages, property and related consultant fees, statutory damages, punitive damages, and all other general and equitable relief. In regards to the defendant, Phillips & Cohen, the Fair Credit Reporting Act does not apply to it, and/or these claims are without merit, and plaintiff's state law claims have either prescribed or are preempted and should be dismissed with prejudice.

## II.    LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *McAvey v. Lee*, 260 F.3d 359, 363 (5th Cir. 2001).

### A. All claims against Phillips & Cohen based on violations of the Fair Credit Reporting Act should be dismissed because the Fair Credit Reporting Act does not apply to Phillips & Cohen.

The plaintiff alleges that Phillips violated various provisions of the Fair Credit Reporting Act ("FCRA") and is therefore liable for damages. (Doc. 1). However, the FCRA does not apply to Phillips because Phillips is not a consumer reporting agency; therefore, Phillips is not liable for any damages incurred pursuant to violations of the FCRA.

The purpose of the FCRA is to require consumer reporting agencies to adopt reasonable procedures meeting the needs for commerce for consumer credit, personal, insurance, and other information in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information. 15 USCS §1681b. The Fair Credit Reporting Act is to be liberally construed in favor of consumers. *Id.*

Phillips is not and has never been a consumer reporting agency as defined in this act. (Ex. "A").

Phillips is a collection agency which engages in the business of collection work. (Ex. "A").

Therefore, the provisions of the FCRA do not apply to Phillips.

The FCRA defines a consumer reporting agency in 15 USCS §1681a as "any person which, for monetary fees, dues, or on cooperative non-profit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses and facilitates any means of interstate commerce for the purpose of preparing or furnishing consumer reports." Consumer reports are defined as any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family or household purposes, employment purposes or any other purpose authorized under 15 USCS §1681b. The term "consumer report" does not include any report containing information solely as to transactions or experiences between the consumer and the person making the report. *Id.* Phillips has never issued a consumer report to the plaintiff, and is not in the business of issuing such reports. (Ex. "A"). Any correspondence issued by Phillips to the plaintiff merely contained information regarding whether certain accounts had been paid in full or settled, and in no way represented to the plaintiff that any letters issued by Phillips would serve as a consumer report as defined in the FCRA. (Ex. "A"). Plaintiff's claims are based solely on the provisions of the FCRA, and any claims regarding

4

unfair collection practices are a cause of action that has not been plead. There are currently no other suits pending against Phillips for unfair credit reporting practices. (Ex. "A").

In *Norris v. Fairbanks Capital Corp.*, 2004 U.S. Dist. LEXIS 14389 (E.D. La. 7/27/04), the United States District Court for the Eastern District of Louisiana explained that the Fair Debt Collection Practices Act applies to collection agencies, and the Fair Credit Reporting Act does not apply to collection agencies – it only applies to consumer reporting agencies. See also, *Norris v. Fairbanks Capital Corp.*, 2004 U.S. Dist. LEXIS 13876 (E.D. La. 7/20/04). Similarly, Phillips is a collection agency doing collection work, not a consumer reporting agency, and thus cannot be subject to the Fair Credit Reporting Act.

Additionally, in *D'Angelo v. Wilmington Medical Center, Inc.,* 515 F.Supp. 1250, 1252 (D.C. Del. 1981), a debt collection business received information about unpaid debts from consumers in order to pursue collection of those debts, and if its initial efforts were unsuccessful, it forwarded information to consumer reporting agencies in hope that latter dissemination of information to potential lenders would result in prompt payment of debts. This business was not a consumer reporting agency. In *Arikat v. J.P. Morgan Chase and Co.,* 430 F.Supp.2d 1013, 1025 (N.Dist. Cal. 2006), consumers failed to state a claim under the Federal Fair Credit Reporting Act because they did not allege that defendants were credit reporting agencies or users or furnishers of credit information.

See also, *Kennedy v. Victoria's Secret Stores, Inc.*, 2004 U.S. Dist. LEXIS 19525 (E.D. La. 9/28/04), where the United States District Court for the Eastern District of Louisiana dismissed claims made pursuant to the Fair Credit Reporting Act against defendants who were not consumer reporting agencies. See also, *Greenhouse v. TRW, Inc.*, 1998 U.S. Dist. LEXIS

1973 (E.D. La. 2/12/98), where the court relied upon *Korotki v. Attorney Services Corp., Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996), where an attorney collecting a debt was not found to be a consumer reporting agency and/or in violation of the Fair Credit Reporting Act. See also, *Belsaw v. Credit Bureau of Prescott*, 392 F.Supp. 1356, 1360 (D.C. Ariz. 1975), where a defendant law firm could not have violated provisions of the Fair Credit Reporting Act because it was not a consumer reporting agency as defined by 15 USCS §1681b.

In *Chube v. Exxon Chemical Americas*, 760 F.Supp. 557, 561 (MD La. 3/31/1991), the Court found that the FCRA did not apply to plaintiff's claims against Exxon pursuant to the FCRA because the Act excludes from the definition of a consumer report any report containing information solely as to transactions or experiences between the consumer and the person making the report. Exxon, as the plaintiff's employer, had such a relationship with the plaintiff. Therefore, Exxon was not subject to the Act under the facts of the case. In *Chube*, the claims were dismissed for failure to state a cause of action. Similarly, all claims against Phillips and Cohen should be dismissed.

Clearly, Phillips does not meet the definition of a consumer reporting agency under the Fair Credit Reporting Act. Therefore, Phillips is not subject to the provisions of the FCRA, and is not liable for any claims made against them pursuant to the Act. All claims against Phillips based on the FCRA should be dismissed.

B. **In the alternative, if the Fair Credit Reporting Act is found to apply to Phillips & Cohen, then the state claims of negligence and defamation against Phillips & Cohen Associates, LTD are pre-empted by federal law.**

If, in the alternative, the Fair Credit Reporting Act is found to apply to Phillips, then the state claims for negligence and defamation against Phillips are pre-empted by federal law.

According to 15 USCS §1681t(b)(1)(F) and §1681h(h)(e), the FCRA preempts state law provisions including negligence and defamation. Therefore, any claims of negligence and defamation against Phillips would be governed by federal law, not state.

C. **Regardless of whether Federal or State law is found to apply, the claims of negligence and defamation against Phillips & Cohen have prescribed.**

Federal law will preempt the plaintiff's claims of negligence and defamation if the Fair Credit Reporting Act is found applicable to the plaintiff's claims. However, if the FCRA is not applicable, then the claims of negligence and defamation must be addressed in accordance with Louisiana law. *Carriere v. Proponent Federal Credit Union,* (WD La. 7/12/2004), 2004 US Dist. Ct. Lexis 14095; *Bank One v. Colley,* 294 F.Supp.2d 864, 868 (MD La. 11/5/2003). The claims of negligence and defamation against Phillips and Cohen have prescribed.

The plaintiff alleges that the defendants, including Phillips, owed a duty of reasonable care and that the defendants, including Phillips, failed to exercise reasonable care and prudence in the reporting of the disputed information, the subsequent reporting and rereporting, and the handling and reinvestigation of data about plaintiff. The plaintiff further alleges that these acts of negligence further caused damages to plaintiff including that his credit history was damaged and that he is therefore paying a higher average interest rate due to this credit report and credit ranking. (Doc. 1).

Further, the plaintiff alleges that defendants, including Phillips, recklessly, maliciously, and/or intentionally published and disseminated inaccurate and improper information concerning plaintiff with reckless disregard for the truth of the matters asserted and that Defendants' publishing of inaccurate, derogatory and improper information damaged the personal and consumer reputation of plaintiff and caused humiliation, emotional distress and mental anguish.

Plaintiff further alleges that Defendants, including Phillips, were notified of the inaccuracies and continued to issue and/or publish reports to third parties which contained inaccurate, derogatory and improper information, and did so with the willful intent to injure and/or maliciously defame the plaintiff. (Doc. 1).

Louisiana Civil Code Article 3492 provides the applicable law regarding delictual actions in Louisiana. Under this article, delictual actions are subject to a liberative prescription of one year from the day injury or damage is sustained. *Id.* Accordingly, plaintiff's allegations of negligence and defamation are subject to a prescriptive period of one year. Relying on plaintiff's allegations in the petition that the last act occurred on October 26, 2004, the claims of defamation and negligence have prescribed on their face. *Greenblatt v. Payne,* 929 So.2d 193, 196 (La.App. 3 Cir. 2006); see also *Thinkstream, Inc. v. Rubin,* 971 So.2d 1092, 1103 (La.App. 1 Cir. 2007); and *Peters v. Layrisson,* 961 So.2d 1, 405 (La.App. 1 Cir. 2006). Plaintiff filed suit on April 5, 2007. Therefore, as plaintiff's claims of negligence and defamation have prescribed, these claims against Phillips should be dismissed.

### D. **Phillips & Cohen is a defendant in a cross-claim and a plaintiff in a counter cross-claim and will remain a party to this matter even if Summary Judgment is granted.**

Phillips is a named cross-claim defendant in a cross-claim asserted by CIT FINANCIAL USA, INC. F/K/A LEASE FINANCE GROUP, LLC. ("CIT"). (Doc. 41). The basis of the cross-claim for contractual defense and indemnity against Phillips is a contract entitled "Agreement for the Collection of Unpaid Accounts". In answer to CIT'S cross-claim, Phillips has challenged the validity and enforceability of the contract made the basis of CIT'S cross-claim for contractual defense and indemnity, and in the alternative, has asserted a counter cross-

claim against CIT. (Doc. 48). Therefore, Phillips will remain a party to this litigation even if Summary Judgment is granted by the Court.

## III. CONCLUSION

No genuine issues of material fact exist with respect to the claims plaintiff has alleged against Phillips. Phillips is not subject to the provisions of the Fair Credit Reporting Act because Phillips is not a consumer reporting agency. Further, under the Fair Credit Reporting Act or Louisiana law, the plaintiff's claims of negligence and defamation are preempted or have prescribed. Therefore, Phillips & Cohen prays that plaintiff's claims against Phillips & Cohen be dismissed with prejudice, with each party to bear its own costs.

Respectfully submitted,

*/S/ Catherine S. Giering*

KEELY Y. SCOTT (#23932)
CATHERINE S. GIERING (#26495)
**CRAWFORD LEWIS, PLLC**
450 Laurel Street, Suite 1600
Post Office Box 3656
Baton Rouge, Louisiana 70821-3656
Telephone: (225) 343-5290
Facsimile: (225) 383-5508
kscott@crawford-lewis.com
cgiering@crawford-lewis.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 14, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Randall A. Smith, Ariel Karma DiGiulio, Michael Warren Hill, J. Geoffrey Ormsby, Hiawatha Northington, II, Joseph Nicholas Mole, David Phillip Curtis, Steven G. Gyeszly, Glenn Paul Orgeron, Karen Waters Shipman, Lisa A Easterling, Heather Shauri Lonian, Carmelite M. Bertaut, Stephanie Cope, Kaye Templet, Christine Lipsey, E. Stewart Spielman, and Richard G. Duplantier, Jr.

/S/    *Catherine S. Giering*
Catherine S. Giering
Bar Roll No. 26495
Attorney for Phillips & Cohen Associates, Ltd.
CRAWFORD LEWIS, PLLC
450 Laurel Street, Suite 1600
Post Office Box 3656
Baton Rouge, Louisiana 70821-3656
Telephone: (225) 343-5290
Facsimile: (225) 383-5508
cgiering@crawford-lewis.com